IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE WILLIAM BAHR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0065 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY
### PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGEMENT

Petitioner GEORGE WILLIAM BAHR has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). It appears petitioner is seeking relief under Rule 60(b)(1) and 60(b)(6). Under 60(b)(1), petitioner alleges there was a clerical mistake or a "mistake arising from oversight" claiming the U.S. District Clerk failed to notify petitioner's counsel of the March 20, 2015 entry of Judgment against petitioner.

Petitioner's claim under 60(b)(6) appears to be based upon that same claim as asserted under 60(b)(1), *i.e.*, that his attorney not having been notified about the entry of Judgment constitutes "any other reason that justifies relief." (Petitioner's Motion at 5).

### PRIOR PROCEEDINGS

On March 5, 2015, a Report and Recommendation to Deny Petition for Writ of Habeas Corpus issued. (Dkt. 21). Petitioner BAHR did not file objections to the Report and Recommendation and on March 20, 2015, Judgment was entered denying petitioner's 28 U.S.C.

§2254 habeas corpus petition. (Dkt. 23). On the same date, an Order Denying Issuance of a Certificate of Appealability issued. (Dkt. 24). The docket entries in this case show that counsel for petitioner, Ms. Andrea Nation and Mr. John Nation, were notified by electronic means of the entry of the Report and Recommendation, the Judgment and of the Order Denying Issuance of a Certificate of Appealability on March 5, 2015 and March 20, 2015.[1]

After consideration the undersigned is of the opinion petitioner's motion should be denied. First, petitioner's motion is not timely. A Rule 60(b) motion must be made within a reasonable time. The determination as to what constitutes a reasonable time depends on the particular facts of the case. *First RepublicBank Fort Worth v. Norglass, Inc.,* 958 F.2d 117, 119 (5th Cir.1992). As stated in *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir.1986), when considering the facts of a particular case, the court should take into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and any resulting prejudice to other parties. The motion was not filed within a reasonable time.

Second, petitioner has not shown his attorneys did not timely receive notice of the March 2015 Judgment. Even if counsel did not, however, petitioner still failed to meet his burden to show that his March 7, 2016 Rule 60 motion was filed within a reasonable time. Petitioner was notified by counsel in November 2015 that the Court's ruling had issued in March of 2015. Petitioner did not pursue relief from the March 2015 judgment until March of 2016, over three months from the date he was notified by his counsel that relief had been denied. Petitioner has presented no reason(s) why he was not able to pursue this motion earlier than March of 2016. To the extent petitioner argues he, in addition to his attorneys, should have received notice of the 2015 Judgment, such claim is without merit. Once an attorney makes an entry of appearance for a client, the clerk is to send all

---

[1] Petitioner has attached to his Rule 60(b) motion a copy of a letter from counsel Mr. John Nation, dated November 23, 2015 wherein counsel avers a ruling was issued in March of 2015 but that he never received, "any mailing from the court." The Court notes, the electronic notification was sent, in March of 2015, to the same e-mail address that appears on this letterhead.

correspondence to that attorney. Local Civil Rule, N.D. Tex. Civ. R. 77.1(a).

Petitioner has not presented a meritorious Rule 60(b) motion and it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) be DENIED.

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __4th__ day of May 2016.

*signature*

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).